# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ADAM C. JOHNSTON,

        Petitioner,    :    Case No. 3:14-cv-074

  - vs -                            District Judge Thomas M. Rose
                                        Magistrate Judge Michael R. Merz

JASON BUNTING, Warden,

                                  :

        Respondent.

## REPORT AND RECOMMENDATIONS

This habeas corpus case was brought *pro se* by Petitioner Adam Johnston in the United States District Court for the Northern District of Ohio and transferred to this Court on March 5, 2014, as authorized by 28 U.S.C. § 2241(d) (Doc. No. 3). It has been referred to the undersigned United States Magistrate Judge pursuant to the General Order of Assignment and Reference for the Dayton location of court and is before the Court for initial review under Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part: "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

The Court *sua sponte* grants Petitioner leave to proceed *in forma pauperis*.

Johnston was convicted in the Montgomery County Common Pleas Court of aggravated murder, aggravated burglary, and burglary on July 16, 2001 (Petition, Doc. No. 1, PageID 1, ¶ 2(a),). He was thereupon sentenced to life imprisonment plus ten years. *Id.* at ¶ 3. The Petition recites that Johnston appealed to the Ohio Second District Court of Appeals where his conviction

1

and sentence were affirmed in part and reversed in part on September 30, 2013. *Id.* at PageID 2, ¶ 9(c) and (d).. A subsequent appeal to the Ohio Supreme Court was dismissed for want of a substantial constitutional question. *Id.* at ¶ 9(g)(3).

Johnston's recitations in the Petition are incomplete. When hearing his appeal in 2013, the court of appeals noted that he had appealed directly to that court from the conviction when it occurred, raising the claim that the jury instructions were flawed for failure to instruct on a lesser included offense. *State v. Johnson*, 2013-Ohio-4401, 2013 Ohio App. LEXIS 4636 (2nd Dist. Sept. 30, 2013). Judge Froelich's opinion refers the reader to the prior case which is *State v. Johnston,* 2002-Ohio-3295, 2002 Ohio App. LEXIS 3435 (2nd Dist. June 28, 2002). The docket of the Montgomery County Clerk of Courts does not show that any appeal was ever taken from that decision. (Case No. CA 19019, Montgomery County Clerk of Courts online docket at www.clerk.co.montgomery.oh.us, visited March 5, 2014.)

Under the rules of practice of the Ohio Supreme Court, an appeal from that final decision of the Second District could only have been taken within forty-five days of the final decision. The time to file such an appeal therefore expired August 12, 2002.

28 U.S.C. § 2244 (d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

2

>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

The statute of limitations is an affirmative defense which is forfeited if not pleaded as required by Fed. R. Civ. P. 8(c). A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing § 2254 Cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002).

Under § 2244, Johnston's conviction became final when he failed to appeal to the Ohio Supreme Court by August 12, 2002. The statute began to run on that date and expired one year later on August 12, 2003. The Petition in this case was not filed until February 18, 2014.[1] Because the filing is more than ten years late, the Petition is barred by the statute of limitations.

**Conclusion**

In accordance with the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this

---

[1] As an incarcerated person, Johnston is entitled to the benefit of the "mailbox" rule which treats a prisoner's filing as made on the date he deposits the document with prison authorities. He signed the Petition on February 18, 2014, and the Court credits him with that filing date.

conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.

March 6, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).