# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

ADAM C. JOHNSTON,

              Petitioner,      :      Case No. 3:14-cv-074

    - vs -                                District Judge Thomas M. Rose
                                        Magistrate Judge Michael R. Merz

JASON BUNTING, Warden,

                                  :

              Respondent.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This habeas corpus case is before the Court on Petitioner's Objection (Doc. No. 6) to the Magistrate Judge's Report and Recommendations recommending that this case be dismissed with prejudice as barred by the one-year statute of limitations in 28 U.S.C. § 2244 (the "Report," Doc. No. 5). Judge Rose has recommitted the case to the Magistrate Judge for reconsideration in light of Johnston's Objections (Recommittal Order, Doc. No. 7).

As found in the Report, Johnston admits that he was convicted in the Montgomery County Common Pleas Court on July 16, 2001 (Objection, Doc. No. 6, PageID 41). He contends, however, that he was never lawfully sentenced in that the judgment in violation of Ohio law as enunciated in *State v. Beasley*, 14 Ohio St. 3d 74 (1984). *Id.* at PageID 42. Moreover, he claims, there was never a final appealable order in his case and therefore "all proceedings founded thereupon are rendered invalid as a matter of law." *Id.*, *citing State v. Griffin*, 2001–Ohio-3517, 2010 Ohio App. LEXIS 4994.

1

**Procedural History**

As alleged in the Petition, Johnston was convicted on July 16, 2001, on three counts: aggravated murder, aggravated burglary, and burglary (Petition, Doc. No. 1, PageID 1, ¶ 2(a)). The trial court merged the burglary and aggravated burglary convictions under Ohio Rev. Code § 2941.25 as allied offenses of similar import committed with the same animus. Johnston appealed to the Second District Court of Appeals which affirmed. *State v.Johnston,* 2002-Ohio-3295, 2002 Ohio App. LEXIS 3435 (2nd Dist. June 28, 2002). As noted in the Report, Johnston took no appeal to the Ohio Supreme Court (Report, Doc. No. 5, PageID 38).

Judge Froelich of the Second District Court of Appeals recites the next relevant procedural history:

> **[\*P5]** Ten years later, on October 9, 2012, Johnston filed a motion for resentencing. Johnston argued that the trial court failed to notify him at sentencing that he would be subject to five years of post-release control, that post-release control was mandatory, and of the consequences of violating post-release control. Johnston further stated that the trial court failed to notify him of his appellate rights. Johnston thus claimed that his sentence was void. Johnston identified two additional "fatal" errors: (1) the trial court imposed a "life" sentence, rather than an "indeterminate life" sentence, and (2) the trial court failed to impose a sentence for burglary. Finally, citing *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958, Johnston argued that the trial court could not resentence him under R.C. 2929.191. Johnston asked for appointed counsel, an oral hearing date, and a de novo resentencing hearing.

*State v. Johnson*, 2013-Ohio-4401, 2013 Ohio App. LEXIS 4636 (2nd Dist.Sept. 30, 2013). After the trial court denied relief in all respects, Johnston appealed and the Second District affirmed in the cited decision. Johnston did appeal this time, but the Ohio Supreme Court found there was no substantial constitutional question presented and declined jurisdiction. *State v.*

*Johnston*, 137 Ohio St. 3d 1477 (2014). Johnston then filed the instant Petition.

**Analysis**

Johnston takes the position that the judgment of conviction was not a final appealable order because he was not sentenced on the burglary count, which had been merged with the aggravated burglary count (Objection, Doc. No. 6, PageID 42). It is of course true that the Ohio courts of appeals do not have jurisdiction over an appeal unless there is a "final appealable order." Ohio Rev. Code § 2505.02. Ohio appeals courts take seriously that limitation and will note *sua sponte* the lack of a final appealable order and dismiss an appeal for lack of jurisdiction if there is no final appealable order. Nothing of the sort happened here. The court of appeals on the first direct appeal exercised ordinary appellate jurisdiction and affirmed. The fact that the court did not expressly determine on the first appeal that there was a final appealable order is unremarkable. When Johnston raised this question on his second direct appeal, the Second District expressly held that the original judgment was a final appealable order. *State v. Johnson,* 2013 Ohio App. LEXIS 4636 (2nd Dist. Sept. 30, 2013).

Nor did the judgment lack finality because it did not impose a sentence for burglary. Johnston argues that Ohio Rev. Code § 2941.25 is a prohibition "against the conviction itself in a Fifth Amendment 'double jeopardy' context." (Objection, Doc. No. 6, PageID 43.) But Johnston cites neither federal nor Ohio law to that effect. It has long been held that, under Ohio Rev. Code § 2941.25, a defendant may be tried on allied offenses and the jury may return a verdict on all of them, but the required merger takes place after verdict and before sentencing. The Second District applied that precedent to reject Johnston's claim that he had to be sentenced

3

on the burglary charge for there to be a final appealable order. *State v. Johnson,* 2013 Ohio App. LEXIS 4636 (2nd Dist. Sept. 30, 2013):

> **[\*P31]** Appellate courts have jurisdiction to review only final orders or judgments of the lower courts in their district. Section 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. Thus, an appellate court has no jurisdiction to review an order or judgment that is not final, and it must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).
>
> **[\*P32]** We have held that when the trial court fails to dispose of each charge in the defendant's case, the trial court's sentencing entry as to some charges is merely interlocutory. *State v. Allman*, 2d Dist. Montgomery No. 24693, 2012-Ohio-413; *State v. Sanchez*, 2d Dist. Greene 2006-CA-154, 2009-Ohio-813. In *Sanchez*, the sentencing entry failed to reflect an acquittal as to one count and that another count, for which a mistrial had been granted, had been resolved by retrial or dismissal. We dismissed for lack of a final appealable order on the ground that the trial court had failed to impose a sentence on, or state the disposition of, each charge. Similarly, in *Allman*, we dismissed for lack of final appealable order when the trial court's purported "final appealable entry and order" satisfied Crim.R. 32(C) for two first-degree misdemeanor charges, but the court did not properly dispose of three additional charges.
>
> **[\*P33]** In this case, the trial court indicated that Johnston had been convicted of aggravated murder (count 1), aggravated burglary (count 2), and burglary (count 3). The trial court imposed sentences on counts 1 and 2, and indicated that "the Court hereby merges CTS. 2 and 3." Although the court did not impose a sentence on the burglary count, the judgment entry disposes of that charge. Accordingly, the judgment entry is a final appealable order.
>
> **[\*P34]** In addition, the trial court properly merged the aggravated burglary and burglary charges without imposing a sentence for the burglary. As explained by the Ohio Supreme Court:
>
> When a defendant has been found guilty of offenses that are allied offenses, R.C. 2941.25 prohibits the imposition of multiple sentences. [*State v.*] *Whitfield*, 124 Ohio St.3d 319, 2010-Ohio-2, 922 N.E.2d 182, at ¶ 12. Therefore, a trial court must merge the crimes into a single conviction and impose a sentence that is appropriate for the offense chosen for sentencing. *State v. Brown,* 119 Ohio St.3d 447, 2008-Ohio-4569, 895 N.E.2d 149, at ¶ 41-

> 43. * * * As we explained in *Whitfield*, for purposes of R.C. 2941.25, a "conviction" is the combination of a guilt determination and a sentence or penalty. *Whitfield* at ¶ 12. *State v. Damron*, 129 Ohio St.3d 86, 2011-Ohio-2268, 950 N.E.2d 512, ¶ 11. Accordingly, after the trial court concluded that Johnston's aggravated burglary and burglary charges were allied offenses of similar import, the trial court was obligated to merge those two offenses and to impose one sentence on the remaining offense, *i.e.* the aggravated burglary charge. The trial court did not err in failing to impose a separate sentence for the burglary charge.

*Id*.

The court of appeals found that the trial court had dealt with Johnston's claims as follows:

> **[\*P7]** On February 1, 2013, the trial court granted in part and overruled in part Johnston's motions for resentencing, granted his motion to set an oral hearing, and ordered a nunc pro tunc sentencing hearing on Johnston's post-release control. With respect to Johnston's claim that post-release control was not properly imposed, the trial court held that Johnston's motions "implicate the provisions of R.C. § 2929.191." The court found that, because Johnston's sentence had not expired, the trial court was authorized to resentence Johnston to impose a mandatory term of post-release control, and because Johnston's sentence was imposed before July 11, 2006, R.C. 2929.191 applied.
>
> **[\*P8]** As for Johnston's claims that the trial court erred in imposing a life sentence, in failing to sentence for burglary, and failing to notify him of his right to appeal, the trial court considered those claims to be constitutional challenges to his sentence, which fell under petitions for post-conviction relief. The trial court noted that res judicata barred the claims, that his claims were untimely, and that the claims had "questionable merit."

*Id*. The court of appeals rejected Johnston's claims of error as to the trial court's decision:

> **[\*P12]** In seeking resentencing, Johnston did not claim that his constitutional rights were violated. Rather, he asserted that the trial court's judgment was void. Because Johnston's arguments did not raise constitutional challenges, we do not necessarily agree with the trial court's characterization of his motions as petitions for post-conviction relief. Regardless, we agree with the trial court's conclusion that Johnston's claims, other than his claim regarding post-release control, were barred by res judicata.

5

> **[\*P13]** "Under the doctrine of res judicata, a final judgment of conviction bars the convicted defendant from raising and litigating in any proceeding, except an appeal from that judgment, any defense or claimed lack of due process that was raised or could have been raised by the defendant at the trial which resulted in that judgment of conviction or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 180, 226 N.E.2d 104 (1967).
>
> **[\*P14]** Johnston argues that the trial court's judgment of conviction and his resulting sentences were void. A void sentence "is not precluded from appellate review by principles of res judicata, and may be reviewed at any time, on direct appeal or by collateral attack." *State v. Parson*, 2d Dist. Montgomery No. 24641, 2012-Ohio-730, ¶ 8; *State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, ¶ 8.
>
> **[\*P15]** Under Ohio law, there are generally "but two reasons that a judgment is void: '[the judgment] has been imposed by a court that lacks subject-matter jurisdiction over the case or the authority to act.'" *Lamb v. Lamb*, 2d Dist. Montgomery No. 24076, 23538, 2011-Ohio-2970, ¶ 12, quoting *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 12. "Unlike a void judgment, a voidable judgment is one rendered by a court that has both jurisdiction and authority to act, but the court's judgment is invalid, irregular, or erroneous." *Parson* at ¶ 8, citing *Simpkins* at ¶ 12. "[D]efendants with a voidable sentence are entitled to resentencing only upon a successful challenge on direct appeal." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 30.
>
> **[\*P16]** The trial court had jurisdiction over Johnston's case and the authority to impose a sentence upon him. Johnston filed a direct appeal, but he challenged only the court's jury instructions. Johnston could have raised on direct appeal the trial court's failure to notify him of his appeal rights, its failure to impose a separate sentence for burglary, and its imposition of a "life" sentence. Johnston failed to do so. Accordingly, these arguments are barred by res judicata.

*Id.*

The federal courts have consistently held that Ohio's *res judicata* doctrine is an adequate and independent state ground of decision. *Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007); *Buell v. Mitchell*, 274 F.3d 337 (6th Cir. 2001); *Coleman v. Mitchell*, 268 F.3d 417 (6th Cir.

2001); *Byrd v. Collins*, 209 F.3d 486, 521-22 (6th Cir. 2000); *Rust v. Zent,* 17 F.3d 155, 160-61 (6th Cir. 1994)(citation omitted); *Van Hook v. Anderson*, 127 F. Supp. 2d 899, 913 (S.D. Ohio 2001).  The Ohio courts have consistently enforced the rule.    *State v. Cole*, 2 Ohio St. 3d 112 (1982); *State v. Ishmail*, 67 Ohio St. 2d 16 (1981).  Thus Johnston's claim that the merger was somehow improper and that there was no final appealable order at the time of his first appeal is procedurally defaulted and barred from merit consideration in these habeas corpus proceedings. *Wainwright v. Sykes*, 433 U.S. 72 (1977).  Because the Second District did have jurisdiction over Johnston's first appeal and because the conviction became final as that term is used in 28 U.S.C. § 2244 far more than a year before he filed his Petition, the Petition is barred by the statute of limitations.

Johnston challenges the retroactive application of Ohio Rev. Code § 2929.191 to his case. However, as indicated by the court of appeals, as of the time of its September 30, 2013, decision, Johnston had not yet been re-sentenced to impose post-release control and the record does not disclose whether or not that has yet happened as of the date of this Supplemental Report.  If it has not, then any claim about the retroactivity of that statute is premature because Johnston has not yet exhausted available state court remedies.  To the extent he is claiming that *State v. Fischer*, 128 Ohio St. 3d 86 (2010), cannot be applied to his case, this Court and the Sixth Circuit have already decided to the contrary.  *Mackey v. Brunsman*, 2011 U.S. Dist. LEXIS 158100 (S.D. Ohio June 30, 2011), affirmed *Mackey v. Warden*, 2013 U.S. App. LEXIS 9551 (6th Cir. May 9, 2013).

To some extent, Johnston is arguing that the Ohio courts decided a number of issues incorrectly, e.g. that there was a final appealable order at the conclusion of the trial or the meaning of "conviction" in Ohio Rev. Code § 2941.25.  However, those are questions of Ohio

7

law and the decision of the Ohio courts on those issues are binding on us. *Railey v. Webb*, 540 F.3d 393 (6th Cir. 2008), *quoting Bradshaw v. Richey,* 546 U.S. 74, 76 (2005)("We have repeatedly held that a state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."), *Maldonado v. Wilson*, 416 F.3d 470 (6th Cir. 2005)*; Vroman v. Brigano*, 346 F.3d 598 (6th Cir. 2003); *Caldwell v. Russell*, 181 F.3d 731, 735-36 (6th Cir. 1999); *Duffel v. Dutton,* 785 F.2d 131, 133 (6th Cir. 1986).

**Conclusion**

Based on the foregoing analysis, it is again respectfully recommended that the Petition be dismissed with prejudice as barred by the statute of limitations and that Johnston be denied a certificate of appealability and leave to appeal *in forma pauperis.*

March 20, 2014.

s/ *Michael R. Merz*<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral

hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).